### SAYLES, Ex'r, v. LOUISVILLE CITY R. Co.

*(Circuit Court, D. Kentucky.  November 15, 1881.)*

1. LETTERS PATENT—EXTENDED TERM—STATUTE OF LIMITATION.

Where the statute of limitation provides that all actions shall be brought during the term for which the letters patent shall be granted or extended, or within six years after the expiration thereof, the lapse of six years after the expiration of the original term is a good defence to an action for the recovery of damages for the infringement of a patent-right during such term, though the term has been extended subsequently, and the statute has not yet run as to such extended term. The original term and the extended term are two distinct terms.

BARR, D. J.  This is an action on the case to recover damages for an alleged infringement of a patent-right. The patent is for an "improvement in railroad car-brakes." This patent was issued July 6, 1852, and was reissued and extended July 6, 1866, for the term of seven years. The plaintiff alleges that the defendant used this patent car-brake from July 6, 1864, until the expiration of the extended term—July 6, 1873. The defendant pleads the lapse of five years, and relies upon the Kentucky statute of limitation in bar of the action. The plaintiff demurred to this plea, and the defendant has amended his plea by pleading the lapse of six years after the expiration of the original term of the patent, and relying upon the statute of limitation passed by congress and approved July 8, 1870.

The parties have agreed to the facts, and the only question for the court to decide is the applicability of the statute of limitation. The Kentucky statute of limitation does not apply to this case; because, if for no other reason, an act of congress has prescribed the limita-

tion in such actions. The Revised Statutes, § 721, using the language of the act of 1789, provides that "the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply."

The state law is, therefore, not the rule of decision where an act of congress has provided the rule. Whether, if there were no national statute of limitation applicable to the case, the state statute would be a bar, does not arise and is not decided. The fifty-fifth section of the act of congress, approved July 8, 1870, provides that "all actions shall be brought during the term for which the letters patent shall be granted or extended, or within six years after the expiration thereof." This was omitted from the Revised Statutes, and is therefore repealed; but section 5599 provides that "all acts of limitation * * * embraced in said revision and covered by said repeal shall not be affected thereby, but all suits * * * for causes arising, or acts done or committed, prior to said repeal may be commenced and prosecuted within the same time as if said repeal had not been made."

This suit was brought June 18, 1879, within the six years after the expiration of the extended term, and plaintiff's counsel insist that when the term was extended the extension had the same effect in law as though the patent had been originally granted for 21 years, and the plaintiff may recover for the infringement of the patent during the original term as well as the extended term. He reads the act as if the words had been, "all actions shall be brought during the term of the monopoly, or within six years after the expiration thereof." If, however, the statute had been intended to mean that there is in law but one term—whether that term should be 14 or 21 years—it would have been only necessary to omit the words "or extended," and then the act would have read, "all actions shall be brought during the term for which the letters patent shall be granted, or within six years after the expiration thereof."

The subsequent section, which provided that when an extension was granted that "thereupon the said patent shall have the same effect in law as though it had been originally granted for 21 years," would, perhaps, have applied, and made an extended term a part of the original term, and might, under this theory, been construed as

one term in the meaning of the act. If, however, we are to give any effect to the words "or extended," in this enactment, it must be that the term for which the letters patent shall be granted originally, and the term for which the letters patent is extended, are two distinct terms. Instead of construing this clause as if it read "all actions shall be brought during the term of the monopoly, or within six years after the expiration thereof," it should be construed as if it read, "all actions shall be brought during the term for which letters patent shall be granted, or during the term for which letters patent shall be extended, or within six years after the expiration thereof;" "thereof" referring to the original or extended term, as the case may be.

It is not true that letters patent run for only one term when the patent is extended. In such a case there are two terms,—the original term and the extended term,—and, though the law provides that when a patent is extended it shall have the same effect in law as though it had been originally granted for 21 years, that does not change this fact, nor does it change the fact that the original term was for 14 years, and not 21 years. The act does not provide that the two terms shall be considered as one term in law, but simply provides that the extension of a patent shall have the *same effect* in law as though it had been originally granted for 21 years. I think congress has, in the clause under consideration, clearly recognized that an extended term and the original term of letters patent are distinct terms.

An extended term of letters patent can have the same effect in law as though it had been granted for 21 years, in the granting of a monopoly, without extending the time of the bar of the statute of limitation on existing causes of action. The patent right is quite distinct from the causes of action which a patentee may have for its infringement, and because a patent right may be extended it does not follow that the time within which such causes of action should be brought should also be extended. If we are not correct in our construction of this act, then congress has given the commissioner of patents the power to extend, in his discretion, the time in which the statute of limitation bars existing causes of action. This would be an extraordinary delegation of authority, and one which the courts should hesitate to recognize unless the legislative will was clearly expressed.

There is some conflict in the decision as to the proper construction of this clause of the act of 1870, but the weight of authority sustains

the construction now given. See *Sayles* v. *L. S. & M. S. R. Co.,* Justice Harlan, MS. op.;* *Sayles* v. *D. & S. C. R. Co.,* Judges Dillon & Love, MS. op. *contra;*† Judge Hughes, 3 Hughes, 172.

I therefore consider that the six years' limitation, as pleaded, is a bar to plaintiff's recovery of damages for the infringement of the original term of his patent, and that he can only recover damages for his extended term—from July, 1866, to July, 1873. Let judgment go for $393, which is the sum agreed upon by the parties if the plea of the statute was sustained as to the original term of the patent.